# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:18-CV-00166-HBB

**LINDA T. SANDIDGE**                                                               **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Linda T. Sandidge ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 11) and Defendant (DN 16) have filed a Fact and Law Summary.   For the reasons that follow, the final decision of the Commissioner is **AFFIRMED** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9).   By Order entered December 21, 2018 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.   No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on August 31, 2015 (Tr. 11, 150-53). Plaintiff alleged that she became disabled on March 1, 2015, as a result of lumbar degenerative disc disease, lumbar spondylosis, lumbar radiculopathy, fibromyalgia, hypertension, and anxiety (Tr. 11, 169). On November 7, 2017, Administrative Law Judge Maribeth McMahon ("ALJ") conducted a video hearing Paducah, Kentucky (Tr. 11, 23-61). Plaintiff and her counsel, Samuel Kyle LeMar, participated from Madisonville, Kentucky (Id.). Christopher Brian Rymond, an impartial vocational expert, also participated and testified during the hearing (Tr. 23-61, 242-45).

In a decision dated March 14, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-18). The ALJ determined that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2017 (Tr. 13). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 1, 2015 the alleged onset date (Id.). At the second step, the ALJ determined that Plaintiff has the following severe impairments: osteoarthritis of the bilateral hips, degenerative disc disease, and chronic myalgia (Id.). The ALJ also concluded that Plaintiff's blood pressure, anxiety disorder, and affective disorder are non-severe impairments (Tr. 13-14). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found, through the date last insured, Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) "except

she can occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl but should never climb ladders/ropes/scaffolds or work around vibrations, unprotected heights, or dangerous machinery" (Tr. 15). Relying on testimony from the vocational expert, the ALJ found, through the date last insured, Plaintiff was able to perform past relevant work as an administrative assistant (Tr. 18). The ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from March 1, 2015, the alleged onset date, through September 30, 2017, the date last insured (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 147-49). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

4

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

Plaintiff's Challenges to Finding No. 5

The ALJ's assessment of Plaintiff's RFC is set forth in Finding No. 5. The RFC is the ALJ's ultimate determination of what Plaintiff can still do despite her physical and mental limitations. *See* 20 C.F.R. §§ 404.1545(a), 404.1546. The ALJ makes this assessment based on her consideration of medical source statements and all other evidence in the case record. *See* 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546. Thus, in making the RFC pronouncement the ALJ must necessarily assign weight to the medical source statements in the record and assess Plaintiff's subjective allegations. *See* 20 C.F.R. §§ 404.1527(c), 404.1529.

Plaintiff raises the following challenges to the ALJ's assessment of her RFC: 1) the ALJ erred in not accepting the opinion of the consultative examiner, Dr. Andrew R. Harston; 2) there was not substantial evidence to support the ALJ's finding that Plaintiff's degenerative disc disease, fibromyalgia, and arthritis in the hips allowed her to perform light work; 3) the ALJ erred in

speculating as to medical conclusions and facts; and 4) the ALJ erred in failing to accept Plaintiff's testimony as fully credible and in failing to state sufficient reasons for doing so (DN 11).

        1        Plaintiff's First Challenge to the RFC

Plaintiff argues the ALJ erred in not accepting the opinion of the consultative examiner (DN 11-1 PageID # 663-64 citing Tr. 16, 17, 308). She acknowledges that some of Dr. Harston's examination findings reflect normal range of motion (Id.). But Plaintiff points out she advised Dr. Harston that she was not experiencing a fibromyalgia flareup at that time (Id. citing Tr. 307). Additionally, Plaintiff points out that Dr. Harston's examination of her right hip revealed pain with limited range of motion, a positive Stinchfield test, and she was tender to palpation over the greater trochanter (Id.). Plaintiff explains after "spending time face-to-face" with her and conducting the examination, Dr. Harston reported:

> I find her to have a history consistent with worsening fibromyalgia. . . during our interactions today she comes across is [sic] a [sic] honest, hard-working person. She had a relatively sedentary job that by all accounts she would not have stopped if she did not absolutely have to. (especially being this close to retirement age.)
> . . .
> Due to her advancing age and above listed complaints, She [sic] will not be able to lift greater than 10 pounds on a regular continued basis or to walk more than 100 yards on a regular basis. She will also have difficulty with being on her feet On [sic] a frequent basis and difficulty with having a job [sic] demands attendance 5 days per week.

(Tr. 309). Plaintiff asserts the ALJ wrongly stated that Dr. Harston's clinical findings were essentially normal and failed to support Plaintiff's allegations of disabling limitations (DN 11-1 PageID # 663-64 citing Tr. 16). Plaintiff contends the only justification the ALJ gave for assigning "no weight" to Dr. Harston's opinion is he "evaluated claimant on only one occasion" and his "assessment is overly restrictive considering his own mild clinical findings" (Id. quoting

6

Tr. 17). Plaintiff contends that the ALJ's reasoning is insufficient for dismissal of the consultative examination and constitutes clear error (Id.).

Plaintiff also expresses frustration over the ALJ's assignment of "great weight" to the assessments prepared by the non-examining state agency medical consultants (Id.). Plaintiff points out these consultants, who never spoke with or examined her, found that she—despite being 63 years old and having a well-documented history of fibromyalgia, degenerative disc disease, and osteoarthritis—could carry 20 pounds occasionally, could lift and/or carry 10 pounds frequently, could stand and/or walk for 6 hours out of an 8-hour workday, could occasionally climb ladders/ropes/scaffolds/ramps/stairs, stooping, kneel, crouch, and crawl (Id. citing Tr. 17). Plaintiff argues the "absurdity of these findings is astounding and is completely inconsistent with the medical records and testimony given in this case . . ." (DN 11-1 PageID # 664).

Defendant contends the ALJ properly weighed Dr. Harston's opinion and her assignment of no weight is supported by substantial evidence in the record and is based on the ALJ's reasoned analysis under the applicable regulatory factors (DN 16 PageID #684, 686-89 citing Tr. 16, 17). Defendant acknowledges that Dr. Harston noted pain with limited range of motion in Plaintiff's right hip and tenderness in the pelvic region (Id.). Defendant asserts that these scattered irregularities, contained in a largely unremarkable examination, do not serve to undermine the ALJ's analysis (Id.). Defendant points out the ALJ's statement that the clinical findings were "essentially normal" was tempered by her express acknowledgment that they also contained some scant evidence of dysfunction, including reduced right hip range of motion (Id.). Defendant also points out that the ALJ properly weighed the state agency reviewers' opinions under the same regulatory factors (DN 16 PageID #689).

7

The regulations require Administrative Law Judges to evaluate every medical opinion in the record. 20 C.F.R. § 404.1527(c). In deciding how much weight to accord medical opinions from nontreating and nonexamining sources, Administrative Law Judges considers the examining relationship (or lack thereof), supportability, consistency, specialization, and other factors "which tend to support or contradict the medical opinion". *See* Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(1)-(5) and quoting 20 C.F.R. § 404.1527(c)(6)).

On October 24, 2015, Dr. Harston performed a consultative examination of Plaintiff and rendered an opinion regarding her physical limitations (Tr. 306-09). His report indicates that Plaintiff was 64 years of age and primarily complained of fibromyalgia and chronic low back pain (Id.). Dr. Harston's musculoskeletal, extremities, and neurologic examinations revealed:

> MUSCULOSKELETAL: She has normal painless range of motion of bilateral shoulders, elbows, wrists, hands, knees and ankles, and the left hip. The right hip displays some painful limited range of motion. She has 20 degrees of internal and 20 degrees of external rotation. She has positive Stinchfield test. She is tender to palpation over the greater trochanter.
> She has normal grip strength bilaterally and negative straight leg raise bilaterally in both the sitting and supine positions. She also has good range of motion of the cervical, thoracic, and lumbar spines.
> EXTREMITIES: No clubbing, cyanosis, or edema. She is able to perform gross and fine manipulation normally.
> NEUROLOGIC: Cranial nerves II through XII are grossly intact. Reflexes are 2+ in patellar, Achilles, and biceps. Strength is 5/5 in bilateral upper and bilateral lower extremities. Sensory is grossly intact to light touch. Gait, she has reciprocating heel-to-toe with no appreciable abnormalities. She is capable of rising from a seated position without the use of her arms. Hoffman's is negative bilaterally. She has no clonus to the lower extremities.

(Tr. 308).

The ALJ's summary of Dr. Harston's clinical findings read as follows:

> The claimant was evaluated by examining physician Dr. Andrew Harston in October 2015. Dr. Harston noted the claimant demonstrated some reduced range of motion in the right hip but retained good range of motion in the spine, shoulders, elbows, wrists, hands, knees, and ankles. She had normal grip strength bilaterally, 5/5 strength in all extremities, intact sensation, normal gait, and was able to perform gross and fine manipulation normally (Exhibit 3F). Dr. Harston's clinical findings by [sic] are essentially normal and failed to support her allegations of disabling functional limitations.

(Tr. 16). The ALJ provided a reasonably accurate summary of Dr. Harston's clinical findings.

The ALJ considered Dr. Harston's opinion and commented as follows:

> No weight is given to the assessment of consultative examiner Dr. Andrew Harston, who indicated the claimant was unable to lift more than 10 pounds or walk more than 100 yards on an [sic] regular basis and "would have difficulty" being on her feet (Exhibit 3F). Dr. Harston evaluated the claimant on only one occasion and his assessment is overly restrictive considering his own mild clinical findings.

(Tr. 17, 309). In assigning weight to Dr. Harston's opinion, the ALJ appropriately considered the examining relationship and whether the limitations were supported by his findings on examination. *See* 20 C.F.R. § 404.1527(c)(2) and (c)(3). Additionally, although not expressly mentioned, the ALJ's decision implicitly indicates she concluded that Dr. Harston's overly restrictive limitations were not consistent with the record as a whole (*see* Tr. 15-18). *See* 20 C.F.R. § 404.1527(c)(4). The Court has thoroughly reviewed the record and concludes substantial evidence in the record supports the ALJ's findings related to the weight assigned to Dr. Harston's opinion. Additionally, the ALJ's findings comport with applicable law.

Regarding the nonexamining State Agency medical consultants, the ALJ considered their lack of an examining relationship with Plaintiff, the supportability of their medical opinions, and

9

the consistency of their opinions with the record as a whole (Tr. 17). *See* 20 C.F.R. § 404.1527(c)(2), (c)(3), and (c)(4). Further, the ALJ appropriately considered the evidence submitted after the medical consultants rendered their opinions in assessing how much weight to give their opinions (Tr. 17). *See* <u>Kepke v. Comm'r of Soc. Sec.</u>, 636 F. App'x 625, 632-33 (6th Cir. 2016); <u>Blakely v. Comm'r of Soc. Sec.</u>, 581 F.3d 399, 409 (6th Cir. 2009). The ALJ's assignment of great weight to the opinions of the nonexamining State Agency medical consultants is supported by substantial evidence and comports with applicable law.

2. Plaintiff's Second Challenge to the RFC

Plaintiff contends there was not substantial evidence to support the ALJ's finding that her degenerative disc disease, fibromyalgia, and arthritis in the hips allowed her to perform light work (DN 11-1 PageID # 664-66). Plaintiff asserts she is limited to less than sedentary work (<u>Id.</u>).

All that Plaintiff cites in support of her position is her hearing testimony and subjective statements to Dr. Whitacre regarding the limitations imposed by her impairments (<u>Id.</u> citing Tr. 38, 40, 43, 44, 46, 301). But the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her impairments are not entirely consistent with the medical evidence and other evidence in the record (Tr. 15-18). The ALJ's finding is supported by substantial evidence in the record and it comports with applicable law. *See* <u>Duncan v. Sec'y of Health & Human Servs.</u>, 801 F.2d 847, 853 (6th Cir. 1986); 20 C.F.R. § 404.1529(c)(3) and (4). Moreover, Plaintiff ignores the ALJ's determination that her diagnosis of fibromyalgia does not comport with the requirements specified in SSR 12-2p section II.A. (Tr. 16). SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012). To satisfy section II.A. the medical evidence must demonstrate the claimant has: 1) A history of widespread pain in all quadrants of the body that

may fluctuate in intensity and may not always be present; 2) At least 11 of 18 positive tender points bilaterally and above and below the waist on physical examination; and 3) Evidence that other disorders that could cause the symptoms or signs were excluded. Id. Plaintiff has not identified, nor has the Court found, evidence in the record that satisfies the second and third requirements in section II.A. Thus, the ALJ's determination is supported by substantial evidence in the record and comports with applicable law.

The ALJ provided a reasonably accurate summary of the medical evidence in the record, including the treatment observations of Dr. Whitacre and the functional limitations expressed by the nonexamining State Agency medical consultants (Tr. 15-18, 250-614). Since the opinions of the nonexamining State Agency medical consultants are consistent with the record they represent substantial evidence to support the ALJ's RFC determination. *See* Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989); Hale v. Sec'y of Health & Human Servs., 816 F.2d 1078, 1082-83 (6th Cir. 1987) (per curiam); Social Security Ruling 96-6p, 1996 WL 374180, at *3 (July 2, 1996). In sum, the ALJ's RFC determination is supported by substantial evidence in the record and comports with applicable law.

3. Plaintiff's Third and Fourth Challenges to the RFC

In her third challenge to the RFC, Plaintiff contends the ALJ erred in improperly speculating as to medical conclusions and facts (DN 11-1 PageID # 667-69 citing Tr. 16, 45, 366). Plaintiff accuses the ALJ of improperly speculating as to the severity of her medical conditions based on her statements in the medical records and testimony about activities or proposed activities (Id.). In her fourth challenge to the RFC, Plaintiff claims the ALJ erred in failing to accept Plaintiff's testimony as fully credible and in failing to state sufficient reasons for doing so (DN 11-

1 PageID # 669-70). The Court will address both of Plaintiff's challenges in this section because they are inextricably intertwined.

An Administrative Law Judge, without the benefit of a medical opinion to support his or her determination, may not interpret raw medical data in functioning terms. *See* Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functioning terms and no medical opinion supported the determination."). An Administrative Law Judge must not substitute his or her own judgment for a physician's opinion without relying on other medical evidence or authority in the record. S*ee* Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000). Further, an Administrative Law Judge must not succumb to the temptation to play doctor and make their own independent medical findings. *See* Rohan v. Chater, 98 F.3d 966, 968 (7th Cir. 1996); Lennon v. Apfel, 191 F.Supp.2d 968, 977 (W.D. Tenn. 2001) (ALJ gave into the temptation to play doctor when made functional findings based on his own interpretation of the treating physician's findings). But that is not what happened here. Instead, in the context of assessing Plaintiff's residual functional capacity, the ALJ appropriately considered Plaintiff's statements to a treating source and her hearing testimony because this evidence is relevant in determining the extent to which Plaintiff's pain and other symptoms are of disabling severity (Tr. 15-18). 20 C.F.R. § 404.1529; Social Security Ruling 16-3p.

In determining whether Plaintiff suffers from debilitating pain and other symptoms, the ALJ utilized a two-part test. *See* Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). First, the ALJ examined whether there is objective medical evidence of an underlying medical condition (Tr. 13-18). After confirming there was, the ALJ determined the

12

objectively established medical conditions were not of such severity that they can reasonably be expected to produce the alleged disabling pain and other symptoms (Tr. 15-18). Id. Since Plaintiff's reported pain and other symptoms suggested her impairments were of greater severity than could be shown by objective medical evidence, the ALJ appropriately considered other information and factors that may be relevant to the degree of pain and other symptoms alleged (Tr. 15-18). 20 C.F.R. § 404.1529(c)(3).

The ALJ appropriately considered Plaintiff's level of daily activity as a factor in determining the extent to which pain and other symptoms are of disabling severity (Tr. 15-18). 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (As a matter of law, the Administrative Law Judge may consider household and social activities in evaluating complaints of disabling pain.). For example, the ALJ noted that Plaintiff remained active in caring for her home and grandchildren (Tr. 16-17).

Another factor the ALJ properly considered was whether there are any inconsistencies in the evidence and the extent to which there were any conflicts between Plaintiff's statements and the rest of the evidence (Tr. 15-18). 20 C.F.R. § 404.1529(c)(4). For example, referring to a June 2016 treatment note prepared by Dr. Whitacre, the ALJ accurately observed that Plaintiff had "reported planning to 'tour Chicago' which obviously requires a great deal of exertion and is inconsistent with her allegations of disabling limitations" (Tr. 16-17). The ALJ also recognized this same treatment note indicated that Plaintiff "reported her low back was holding up fairly well"

(Tr. 16). In both instances, the ALJ ascertained inconsistencies or conflicts between Plaintiff's allegations and the rest of the evidence regarding the degree of limitation imposed by her conditions.

Plaintiff faults the ALJ for failing to mention other comments she made to Dr. Whitacre during the June of 2016 office visit. For example, Plaintiff reported "[s]he tends to overdo it but is able to rest and recover without issue" and "[s]he is currently taking OxyContin and Percocet which keeps her symptoms at bay" (Tr. 366). While these comments may substantiate Plaintiff's position, the question before the Court is whether substantial evidence supports the ALJ's assessment of Plaintiff's subjective allegations. *See* Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion."). The Court concludes substantial evidence supports the ALJ's finding that there are inconsistencies in the evidence relevant to the degree of pain and other symptoms alleged by Plaintiff.

Plaintiff also asserts that Dr. Harston's report concerning the severity of her condition is consistent with her testimony. But the ALJ accorded no weight to Dr. Harston's opinion. As explained above, the ALJ's findings on that issue are supported by substantial evidence in the record and comport with applicable law.

The ALJ found from the medical record and Plaintiff's testimony that Plaintiff does not suffer pain to the extent she testified. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and other symptoms is a highly individualized matter, and a

determination of disability based on pain depends, of necessity, largely on the credibility of Plaintiff, the conclusion of the ALJ, who had the opportunity to observe Plaintiff's demeanor, "should not be discharged lightly."  *See* Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)).  The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law.

Plaintiff's Challenge to Finding No. 6

Plaintiff argues there was not substantial evidence supporting the ALJ's finding that she could perform any of her past relevant work (DN 11-1 PageID # 666-67).  But the basis for this challenge is the lack of substantial evidence to support the ALJ's RFC determination (Id.).  For the reasons set forth above, substantial evidence supports the RFC determination.  Thus, Plaintiff's challenge to Finding No. 6 fails.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

June 21, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:    Counsel